UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GWENDOLYN D. JACKSON,

    Plaintiff,

v.                                Case No:   6:12-cv-1225-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. 406(b) (Doc 28).   Upon due consideration I respectfully recommend that the motion be **granted**.

After a court-ordered remand in this Social Security disability case, the Commissioner of Social Security found Plaintiff Gwendolyn D. Jackson disabled and awarded her $50,794.00 in past-due disability insurance benefits (Docs. 20, 28-2).   The Commissioner withheld $12,698.50, or 25% of this award, for payment of attorney's fees (Doc. 28-2).   In the pending motion, Plaintiff's attorney, Mr. Culbertson, asks the Court to approve an award of $8,328.87, which is equal to 25% of the past-due benefits minus the $4,370.23 in attorney fees previously awarded to Plaintiff and paid to Mr. Culbertson pursuant to the Equal Access to Justice Act ("EAJA") (Docs. 27, 28).   Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that Defendant's attorney has been contacted and has no objection to the requested relief.   (Doc. 28 at 2).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her

client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at twenty-five percent, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

Here, the reasonableness of the 406(b) fee request, in light of the fee agreement and the ultimate award of past due benefits, is not in dispute. See (Doc. 28 at 2-4; Doc. 28-1). Therefore, upon due consideration, I respectfully recommend that the Court **grant** the motion and approve **section 406(b) fees in the amount of $8,328.87**, to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 15, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

>Presiding United States District Judge
>Counsel of Record