**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

GWENDOLYN D. JACKSON,

        Plaintiff,

v.                                                   Case No. 6:12-cv-1225-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 28), filed April 14, 2015; and

2. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 29), filed April 15, 2015.

In this social security action, Magistrate Judge Thomas B. Smith recommends granting the unopposed request for attorney's fees pursuant to 42 U.S.C. § 406(b). Having independently reviewed the Report and Recommendation for fairness and in the absence of any objection, this Court agrees with Magistrate Smith and adopts his Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (suggesting that a de novo review is only required when a party objects to the proposed findings and recommendations). However, the Court does so on the following condition: attorney Richard Culbertson is precluded from making any further requests for § 406(a) fees because the recommended § 406(b) award would, on its own, entitle him to the full 25 percent of his client's past-due

benefits.[1] *See Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 29) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 28) is **GRANTED**. The Court approves of the

---

[1] Three statutory provisions control attorney's fees in Social Security disability cases. First, 42 U.S.C. § 406(a) permits the Commissioner of Social Security ("Commissioner") to award reasonable attorney's fees for successful work performed at the administrative level. Second, 42 U.S.C. § 406(b) permits courts to award reasonable attorney's fees for successful work performed in federal court. Fee awards under §§ 406(a) and (b) are "paid by the claimant out of the past-due benefits awarded." *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). Binding precedent forecloses courts in this Circuit from awarding any § 406(b) fee which, when aggregated with a § 406(a) fee, would exceed 25 percent of a claimant's past-due benefits. *See Dawson*, 425 F.2d at 1195. Third, and similar to § 406(b), the Equal Access to Justice Act ("EAJA") permits courts to award reasonable attorney's fees for successful work performed in federal court, provided that the Commissioner's position was not "substantially justified." *See* 28 U.S.C. 2412(d)(a)(A). An EAJA fee award is "paid from agency funds." The EAJA has a "Savings Provision," which "prevents attorneys from receiving double recovery under both the EAJA and § 406(b)." *Jackson*, 601 F.3d at 1272.

Culbertson seeks $12,298.50—the full 25 percent of Plaintiff's $50,794.00 past-due benefits allowable under § 406. (Doc. 28.) The Court has already awarded Culbertson $4,370.23 under the EAJA. (*See* Doc. 27.) Thus, he has elected to satisfy the Savings Provision's refund requirement by deducting his previous $4,370.23 EAJA award directly from his § 406(b) request, resulting in a final § 406(b) request of $8,328.27. (Doc. 28); *see also Jackson*, 601 F.2d at 1274 (approving of Culbertson's Savings Provision procedure); *Bibber, III v. Comm'r of Soc. Sec.*, No. 6:12-cv-1337-Orl-37DAB, 2015 WL 476190, *3 (M.D. Fla. Feb. 2, 2015) (same).

As of the date of this Order, no fees have been paid at the administrative level under §406(a), but the Motion implies that Culbertson may request those fees. (*See* Doc. 28, p. 2 ("No fees have been paid at the administrative level. The amount of any fees due at the administrative level, if any, will have to be set by the Commissioner's Administrative Law Judge after a fee petition is submitted.").) However, any further § 406(a) award would result in an aggregate § 406 award in exceed of 25 percent of Plaintiff's past-due benefits and is therefore prohibited.

> section 406(b) fees in the amount of $8,328.87, to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration, provided that Counsel does not seek further attorney's fees from the Commissioner of Social Security pursuant to 42 U.S.C. § 406(a).

3. Counsel for both parties are **DIRECTED** to advise the Commissioner of this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 20, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record